United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NADRA FOSTER,    No. C 10-3703 SI

    Plaintiff,    **ORDER RE: DISCOVERY**

  v.

BERKELEY POLICE DEPARTMENT, *et al.*,

    Defendants.
_____/

Plaintiff's "Request for a Ruling on a Discovery Dispute" is scheduled for a hearing on September 16, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

**DISCUSSION**

The parties have submitted a discovery dispute to the Court. At issue is whether plaintiff must answer an interrogatory asking plaintiff to "IDENTIFY all persons or entities that YOU told YOU were pregnant *prior to the date of the INCIDENT*, including but not limited to . . . YOUR male sexual partner at the time." Docket No. 38 at 3:8-10. Plaintiff objected to the interrogatory on the ground that it violated her male sexual partner's privacy rights, and plaintiff seeks a ruling from this Court that she is not required to respond to the interrogatory.

Defendants contend that plaintiff must answer the interrogatory because the discovery sought goes to plaintiff's credibility. Defendants note that plaintiff's sworn response to Interrogatory No. 4, which asked plaintiff to list her injuries, stated "Plaintiff was approximately four months pregnant at the time of the incident and suffered a miscarriage as a result of the brutal beating by Defendant Police

Officers." Defendants also state that at her deposition, plaintiff testified that she was three months pregnant at the time of her arrest; that she told the officers she was pregnant but that they proceeded to beat her, including inflicting blows to her stomach; and that she suffered a miscarriage two days later while in jail. However, according to defendants, the Alameda County jail nurse who screened plaintiff when she was booked at jail testified at his deposition that plaintiff stated that she was not pregnant, and plaintiff took a routine urine test that showed she was not pregnant. Defendants state that a few days after the nurse's deposition, plaintiff filed Plaintiff's Request for a Ruling on a Discovery Dispute stating that she had "offered to stipulate that she is not seeking wrongful death or loss of fetus damages" and that "Plaintiff genuinely believed at the time of the incident" that she was pregnant. Docket No. 37 at 2:11, 2:21-23. Defendants assert that plaintiff must answer the interrogatory because "if plaintiff knowingly lied to the officers about being pregnant, and then fabricated sworn statements in this case that she was pregnant and suffered a devastating miscarriage in jail, then her credibility is called into question as to the 'brutal' beating as well." Docket No. 38 at 3:3-5.

The Court concludes that plaintiff must answer Interrogatory No. 23, and that plaintiff's privacy concerns can be addressed by the existing protective order. Plaintiff does not dispute defendants' characterization of her discovery responses or deposition testimony, or of the nurse's deposition testimony.[1] Based on that record, defendants have shown that the discovery sought is relevant to plaintiff's credibility. Accordingly, the Court DENIES plaintiff's request and GRANTS defendants' motion to compel. Plaintiff must provide a response to Interrogatory No. 23 no later than **September 23, 2011**. The response may be provided pursuant to the protective order. This order resolves Docket No. 37.

**IT IS SO ORDERED.**

Dated: September 12, 2011

SUSAN ILLSTON
United States District Judge

---

[1] Defendants did not submit any deposition excerpts or copies of plaintiff's interrogatory responses.

2