IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NADRA FOSTER,

        Plaintiff,
  v.

CITY OF BERKELEY, ALEXANDER McDOUGALL and ERIK KEENE,

        Defendants.
                          /

No. C 10-3703 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On March 5, 2013, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning March 18, 2013. All parties were represented by counsel. The following matters were resolved:

    1.    **Number of jurors and challenges**: There shall be a jury of 7 members. Each side shall have up to four peremptory challenges.

    2.    **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

    3.    **Jury instructions**: Counsel have separately submitted proposed jury instructions. No later than **Thursday, March 14, 2013**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included

together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before March 14, 2013.

4. **Trial exhibits**: No later than March 15, 2013, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: The parties estimated that the trial should take approximately 7 days (plaintiff estimated between 5-10 days, and defendants estimated 7 days). Based on this estimate, each side shall have 45 minutes for opening statements; each side shall have 12 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7. **Motions in limine**: The parties filed motions in limine, as follows:

**Plaintiff's No. 1 - to exclude testimony of Reshawn Goods:** Plaintiff seeks to exclude the testimony of her former roommate on the grounds of relevance, hearsay and unfair prejudice under FIRE 403. The motion is DENIED, without prejudice to specific objections to specific questions at time of trial. Ms. Goods' testimony that plaintiff told her that she had been banned from KPFA, that plaintiff had drunk alcohol before the incident, that plaintiff took pictures of her injuries, and that plaintiff never discussed either being pregnant or having a miscarriage are relevant to credibility. Ms. Goods' bias

2

against plaintiff, if any, may be explored in cross-examination.

**Plaintiff's No. 2 - to exclude impermissible character evidence:** Plaintiff seeks to preclude Racine Goods from testifying that plaintiff drank alcohol and smoked cannabis at the rental home they shared. The motion is DENIED as to the use of alcohol; such testimony may be relevant to credibility and damages. The motion is GRANTED as to cannabis, based on FIRE 403, unless plaintiff testifies concerning Ms. Goods' bias against plaintiff based on their "personal feud" related to Ms. Goods' daughter's asthma.

**Plaintiff's No. 3 - to exclude testimony concerning the identity of the putative father of plaintiff's unborn child:** Plaintiff seeks to exclude any questioning concerning who fathered the child she alleges she lost on account of the incident. The motion is DENIED, without prejudice to specific objections to specific questions at time of trial. The identity of the father is relevant to the existence of the pregnancy, credibility and damages.

**Plaintiff's No. 4 - to exclude testimony of nurse Rolando Ilau:** Plaintiff seeks to exclude testimony from nurse Rolando Ilau, who interviewed plaintiff prior to her admission to Santa Rita Jail. The motion is DENIED; this testimony is relevant to credibility and damages.

**Plaintiff's No. 5 - to exclude testimony of Dr. Andrew Lin and for Daubert hearing:** Plaintiff seeks to exclude testimony by defense expert Andrew Lin, an OB/GYN physician, who is prepared to testify that (1) plaintiff was not pregnant, based on the urine test administered by nurse Ilau, which registered negative for pregnancy; and (2) that plaintiff's description of her miscarriage in jail is inconsistent with the way a miscarriage of a four-month pregnancy would normally occur. Plaintiff's objection is to the adequacy of the foundation for Dr. Linn's testimony. The motion is DENIED; Dr. Linn is able to testify to the medical significance of a negative urine test and to the likely physical consequences of a miscarriage at four months. Plaintiff's objections, which do not implicate *Daubert* issues, would be grounds for cross-examination, not exclusion of the testimony.

**Plaintiff's No. 6 - to exclude testimony Dr. Mark Levy and for Daubert hearing:** Plaintiff seeks to exclude testimony by defense expert Mark Levy, a psychiatrist. Plaintiff's objection is that Dr. Levy placed improper reliance on the testimony of plaintiff's roommate, Reshawn Goods. The motion is DENIED; plaintiff's objections, which do not implicate *Daubert* issues, would be grounds for cross-

examination, not exclusion of the testimony.

**Plaintiff's No. 7 - to exclude evidence of domestic violence in plaintiffs' past:** Plaintiff seeks to exclude evidence that she has been arrested twice in domestic-violence related situations, once in 1998 when she allegedly bit her domestic partner on the arm, drawing blood; and once in 2011, when she allegedly suffered an injury to her left hand. The motion is GRANTED IN PART. On FRE 403 grounds, the fact that plaintiff was arrested in these incidents is excluded. However, evidence that plaintiff previously bit her partner is relevant to her credibility, since she denied under oath ever having done so; and evidence that her left hand was injured in an incident after the one involved in this action is relevant to damages. See also Defendants' Motion No. 8.

**Plaintiff's No. 8 - to prohibit reference to any witness as an "expert":** DENIED.

**Plaintiff's Request for Judicial Notice under FRE 201:** Plaintiff requests that the Court take judicial notice of the fact that an Administrative Law Judge determined that she was disabled and entitled to SSI benefits since August, 2008. The request is DENIED, absent further order of Court. At the Pretrial Conference, plaintiffs' counsel indicated that she wished to introduce into evidence the attachments to the ALJ's order. These attachments, primarily medical records, would require authentication by a qualified witness before introduction. See also Defendants' No. 14.

**Defendants' No. 1 – to exclude prior citizen complaint against Officer McDougall**: Defendants seek to prevent plaintiff from introducing or using a prior unsustained citizen complaint against defendant McDougall. The motion is GRANTED.

**Defendants' No. 2 – to exclude lay opinion re excessive force:** Defendants seek to exclude lay opinions concerning whether there were too many police officers on site or whether too much force was used. The motion is GRANTED as framed. Lay witnesses may testify to what they saw, but may not offer inadmissible opinion testimony.

**Defendants' No. 3 – to exclude lay opinion testimony re racism in America:** Defendants seek to exclude lay testimony re whether African Americans are more likely than others to be arrested, etc. The motion is GRANTED as framed. Lay witnesses may testify to what they saw, but may not offer inadmissible opinion testimony.

**Defendants' No. 4 – to exclude third party testimony re plaintiff's volunteer work at**

4

**KPFA:** GRANTED IN PART; no such witness may testify until an offer of proof, approved by the Court, is presented.

**Defendants' No. 5 – to exclude evidence re supervisory authority at KPFA:** DENIED, without prejudice to specific objections to specific questions at time of trial. The Court notes, however, that the issue of the lawfulness of plaintiff's arrest has already been adjudicated. ("The Court concludes that McDougall's arrest of plaintiff was supported by probable cause based on the totality of the circumstances known to McDougall. A reasonable police officer would have believed that Withers had the authority to request plaintiff to leave the station." Order re Summary Judgment, p. 7)

**Defendants' No. 6 – to exclude Withers testimony that she saw gun:** Defendants seek to exclude evidence that Lois Withers testified that she saw an unidentified officer with a gun drawn. The motion is GRANTED, based on FRE 403. Plaintiff testified that she did not see any officer with a gun drawn.

**Defendants' No. 7 – to exclude testimony re personal trauma of Anita Johnson:** Defendants seek to prevent Anita Johnson from testifying that she sought therapeutic treatment or suffered emotional trauma as a result of plaintiff's arrest. The motion is GRANTED. Ms. Johnson may testify to what she observed, but her emotional state thereafter is not at issue in this action.

**Defendants' No. 8 – to allow evidence of plaintiff's prior arrests:** Defendants seek to introduce evidence that plaintiff has been arrested several times before and was convicted twice for shoplifting, to show bias against police and/or a motive for bringing this action. DENIED as framed, FRE 403; but see also ruling re Plaintiff's No. 7.

**Defendants' No. 9 – to exclude evidence re Miranda warning**: GRANTED, FRE 402 and 403; the issue of the lawfulness of plaintiff's arrest has already been adjudicated and any failure to provide Miranda warnings is not relevant to the remaining issues in the case.

**Defendants' No. 10 – to exclude evidence of defendants' net worth:** GRANTED, unless/until case reaches phase of punitive damages.

**Defendants' No. 11 – to prevent plaintiff from introducing her own interrogatory responses:** GRANTED.

**Defendants' No. 12 – to exclude evidence of indemnification:** GRANTED.

**Defendants' No. 13 – to exclude evidence of criminal prosecution of plaintiff re this incident:** DENIED.

**Defendants' No. 14 – to exclude evidence of ALJ decision on plaintiff's disability benefits:** GRANTED, absent further order of Court.

**Defendant's Motion to Bifurcate:** The issue of punitive damages will be bifurcated from and tried by the same jury after the initial liability/damage determination.

IT IS SO ORDERED.

Dated: March 7, 2013

_____
SUSAN ILLSTON
United States District Judge