**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NADRA FOSTER,

    Plaintiff,

 v.

CITY OF BERKELEY, *et al.*,

    Defendants.
                                      /

No. C 10-3703 SI

**INSTRUCTIONS TO JURY**

## DUTY OF THE JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## TWO OR MORE PARTIES

Plaintiff has sued Officer Alexander McDougall, Officer Erik Keene and the City of Berkeley. You should decide the case as to Officer McDougall and Officer Keene separately, as if it were a separate lawsuit. The City of Berkeley is a defendant to plaintiff's state law claims, and you will receive a separate instruction titled "City Liability as Employer for State Law Claims" regarding how you decide the case as to the City of Berkeley. Unless otherwise instructed, the instructions apply to all parties.

## NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

## EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are received into evidence; and
3. any facts to which the lawyers have agreed.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## EVIDENCE FOR A LIMITED PURPOSE

Some evidence was admitted for a limited purpose only. When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## TYPES OF EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or

circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**WITNESS CREDIBILITY**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case and any bias or prejudice;
(5) whether other evidence contradicted the witness's testimony;
(6) the reasonableness of the witness's testimony in light of all the evidence; and
(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**EXPERTS**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**IMPEACHMENT -- INCONSISTENT STATEMENTS OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Sasha Lilley was taken on August 29, 2011. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**USE OF INTERROGATORIES OF A PARTY**

Reference was made to answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts three claims in this case.

The plaintiff's first claim, brought under a federal statute (42 U.S.C. § 1983), is that defendant Officer McDougall and defendant Officer Keene used excessive force against her in violation of the Fourth Amendment. The defendant City of Berkeley is not a defendant to plaintiff's Section 1983 claim.

The plaintiff's second claim is that Officer McDougall and Officer Keene battered her by using excessive force against her. Officer McDougall, Officer Keene, and the City of Berkeley are defendants to plaintiff's battery claim.

The plaintiff's third claim is that Officer McDougall and Officer Keene intentionally inflicted emotional distress upon her by using excessive force against her. Officer McDougall, Officer Keene, and the City of Berkeley are defendants to plaintiff's intentional infliction of emotional distress claim.

The plaintiff has the burden of proving each of these claims by a preponderance of the evidence.

The defendants deny each of the plaintiff's claims.

**SECTION 1983 CLAIM: INTRODUCTION**

Plaintiff brings a claim against defendant Officer McDougall and defendant Officer Keene under the federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. Under the Fourth Amendment of the United States Constitution, a person has the right to be free from an unreasonable seizure of her person. Plaintiff claims that Officer McDougall and defendant Officer Keene violated her Fourth Amendment right to be free from an unreasonable seizure of her person by subjecting her to excessive force. In order to prove Officer McDougall or Officer Keene deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove by a preponderance of the evidence that Officer McDougall and/or Officer Keene used excessive force against her as explained in the instruction titled "Section 1983 Claim – Fourth Amendment – Excessive Force."

The defendant City of Berkeley is not a defendant to plaintiff's Section 1983 claim.

**SECTION 1983 CLAIM – CAUSATION**

In order to establish that the acts of defendants Officer McDougall and/or Officer Keene deprived plaintiff of a right under the United States Constitution as explained in later instructions, plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of this Constitutional right as to be the moving force that caused the ultimate injury.

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY —ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her Section 1983 claim against defendants McDougall and Keene for excessive force in violation of the Fourth Amendment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendants acted under color of law;

2. the defendants personally participated in the alleged violation; and

3. the acts of the defendants deprived the plaintiff of a particular right under the United States Constitution as explained in the next instruction.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties agreed and I instruct you that the defendants acted under color of law and therefore this element requires no proof.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under the next instruction titled "Section 1983 Claim – Fourth Amendment – Excessive Force," your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendants.

**SECTION 1983 CLAIM –FOURTH AMENDMENT – EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others. I have already ruled

in this case that the officers were lawfully entitled to arrest the plaintiff for trespassing. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Officer McDougall and/or Officer Keene used excessive force when they restrained her and removed her from the premises.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1. The severity of the crime or other circumstances to which the officers were responding;
2. Whether the plaintiff posed an immediate threat to the safety of the officers or to others;
3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;
4. The amount of time and any changing circumstances during which the officers had to determine the type and amount of force that appeared to be necessary;
5. The type and amount of force used; and
6. The availability of alternative methods to take plaintiff into custody and/or subdue the plaintiff.

## TRANSITIONAL INSTRUCTION TO STATE LAW TORT CLAIMS

The plaintiff brings additional claims under California State law. I will now instruct you on the elements of each of those claims. Unlike the Section 1983/excessive force claim which is brought only against Officer McDougall and Officer Keene, the plaintiff is suing all three defendants (the City of Berkeley, Officer Keene, and Officer McDougall) in her state law claims.

## CITY LIABILITY AS EMPLOYER FOR STATE LAW CLAIMS

A city is liable for the state law torts, but not federal constitutional violations, committed by its employees if the employees are acting within the scope of their employment. Here, the parties stipulate that Officer McDougall and Officer Keene were acting within the scope of their employment as City of Berkeley police officers during this incident. Therefore, if you find for the plaintiff on one of the following state law tort claims, then you must also find against the City of Berkeley on that claim.

## BATTERY BY PEACE OFFICER

The plaintiff claims that Officer McDougall and Officer Keene harmed her by using unreasonable force to arrest her or overcome her resistance. To establish this claim, plaintiff must prove all of the following:

1. That Officer McDougall and/or Officer Keene intentionally touched plaintiff;
2. That Officer McDougall and/or Officer Keene used unreasonable force to arrest her or overcome her resistance;
3. That plaintiff did not consent to the use of that force;
4. That plaintiff was harmed; and
5. That Officer McDougall and/or Officer Keene's use of unreasonable force was a substantial factor in causing harm to plaintiff .

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the police officer is using unreasonable force.

10

In deciding whether Officer McDougall and/or Officer Keene used unreasonable force, you must determine the amount of force that would have appeared reasonable to an officer in Officer McDougall or Officer Keene's position under the same or similar circumstances. You should consider, among other factors, the following:

(a) The seriousness of the crime at issue;

(b) Whether the plaintiff reasonably appeared to pose an immediate threat to the safety of Officer McDougall, Officer Keene, other officers on the scene, or others present; and

(c) Whether plaintiff was actively resisting arrest or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ESSENTIAL FACTUAL ELEMENTS

The plaintiff claims that Officer McDougall and Officer Keene used excessive force in a manner that caused her to suffer severe emotional distress. To establish this claim, the plaintiff must prove all of the following:

1. That Officer McDougall and/or Officer Keene used excessive force in an outrageous manner;

2. That Officer McDougall and/or Officer Keene used excessive force with the intent to cause the plaintiff emotional distress, or that Officer McDougall and/or Officer Keene acted with the reckless disregard of the probability that she would suffer emotional distress;

3. That the plaintiff suffered severe emotional distress; and

4. That Officer McDougall and/or Officer Keene's use of excessive force in an outrageous manner was a substantial factor in causing the plaintiff's severe emotional distress.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "OUTRAGEOUS CONDUCT" DEFINED

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

Outrageous conduct cannot include reasonable force used by a police officer.

In deciding whether Officer Keene and/or Officer McDougall's conduct was outrageous, you must first conclude whether excessive force was used, and if so, you may also consider, among other factors, the following:

(a) Whether Officer Keene and/or Officer McDougall abused a position of authority or a relationship that gave him real or apparent power to affect plaintiff's interests;

(b) Whether Officer Keene and/or Officer McDougall knew that plaintiff was particularly vulnerable to emotional distress; and

(c) Whether Officer Keene and/or Officer McDougall knew that his conduct would likely result in harm due to mental distress.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - "RECKLESS DISREGARD" DEFINED

Officer McDougall and/or Officer Keene acted with reckless disregard in causing plaintiff emotional distress if:

1. He knew that emotional distress would probably result from the use of excessive force; or

2. He gave little or no thought to the probable effects of the use of excessive force.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "SEVERE EMOTIONAL DISTRESS" DEFINED

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. "Severe emotional distress" is not mild or brief; it must be so substantial

or long lasting that no reasonable person in a civilized society should be expected to bear it. Plaintiff is not required to prove physical injury to recover damages for severe emotional distress.

**COMPENSATORY DAMAGES—PROOF & MEASURE**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of her claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. In determining the amount of damages, you should consider the following:

The nature and extent of the injuries; and

The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**MALICIOUS, OPPRESSIVE OR RECKLESS CONDUCT**

You will also be asked to determine whether plaintiff has proved, by a preponderance of the evidence, that the conduct of defendants harmed the plaintiff and was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you award damages to plaintiff, your award should not include any amounts intended solely to punish any defendant or deter future conduct; such damages, called punitive damages, may not be considered by you at this time, but may be considered as to defendants at a second phase of your deliberations, depending on your findings during this phase of your deliberations.

## DELIBERATION

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.

Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.